## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES DOW VANDIVERE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  09-0176 (EGS) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### <u>MEMORANDUM OPINION</u>

This matter is before the Court on defendants' Motion to Dismiss and plaintiff's Motion

Seeking Leave for Continuance.  The Court will grant defendant's motion in part, dismiss

plaintiff's claim under the Federal Tort Claims Act, deny plaintiff's motion for a continuance,

and grant plaintiff an extension of time to file his opposition or other response to the remaining

arguments raised in defendants' motion.

### I.  BACKGROUND

Plaintiff, a federal prisoner, brings this action against the United States, the Federal

Bureau of Prisons ("BOP"), and BOP's Director, Harley Lappin, and his cause of action arose

from an incident which occurred on December 9, 2007.  Compl. at 1.  "[W]hile in the custody of

the Federal Bureau of Prisons, located in Big Spring, Texas, a low security Federal Correctional

[sic] Institution, plaintiff was one of at least 57 inmates who was attacked by an estimated 240

inmates, all believed to be of illegal Mexican origin."  *Id.*  Plaintiff "was hit in the face with a

combination lock in a sock, causing hemorrhageing [sic] from both nostrils, and causing damage

to his nose that will have long term effects," that he " was kicked in his ribs on his right side"

with such force that his "195 pound body was knocked out of his bed onto the concrete floor,"

and that, when ordered by an assailant to leave the housing unit, he "had to go through a gauntlet

of at least 30 more inmates who also struck him several times all over his body while he was

making his way to the exit."  *Id.* at 2.  According to plaintiff, he sustained injuries during the

attack resulting in pain, discomfort, periodic nightmares, and anxiety.  *Id.* at 2-3.  In addition, he

"lost important and even some irreplaceable personal property."  *Id.* at 3.

Plaintiff alleges that BOP staff knew of the planned attack weeks before it occurred, and

that staff members negligently failed to conduct an investigation or otherwise to prevent the

attack from taking place.  Compl. at 4-5.  He further alleges that BOP's Director "should be held

accountable for his staffs [sic] negligence that failed to prevent the assault upon the plaintiff."

*Id.* at 5.  Plaintiff "seeks compensation for the physical pain, suffering and mental anguish he had

to endure in the amount of $ 100,000.00," as well as injunctive relief "to prevent any retaliation

from the defendant or his staff."  *Id.* at 8.

## II.  DISCUSSION

### A.  The Court Will Dismiss Plaintiff's FTCA Claim

"It is axiomatic that the United States may not be sued without its consent and that the

existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206,

212 (1983).  Such consent may not be implied, but must be "unequivocally expressed."  *United

States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).  Sovereign immunity extends to

governmental agencies and to their employees where such employees are sued in their official

capacities.[1]  *See Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984).

The Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 2671 *et seq.*, operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962).  Under the FTCA, the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674(a).  Relevant to this case is the provision authorizing a suit against the United States "for injury of loss of property, or personal injury or death cased by the negligent act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the [individual] in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1); *see* 28 U.S.C. § 2674(a).

The FTCA bars a plaintiff from bringing a civil action against the United States for money damages in district court before he has exhausted her administrative remedies.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).  A plaintiff satisfies the exhaustion requirement after he presents his claim to the appropriate federal agency, and the agency either denies the claim in writing or fails to make a final disposition within six months after

---

[1]      "Official capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent," such that "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  The Court presumes that Harley Lappin is sued both in his official and individual capacities, and treats any claim against Lappin in his official capacity as if it were brought against the United States directly.

presentment.  *See* 28 U.S.C. § 2675(a).

Plaintiff has acknowledged his failure to exhaust his administrative remedies under the FTCA prior to filing this action.  *See* Mot. Seeking Leave for Continuance at 1.  The Clerk of Court received his complaint on December 31, 2008, and officially docketed the pleading on January 30, 2009.  *See* Compl. at 1 (date stamps).  Plaintiff submitted his FTCA claim to the BOP on or about May 27, 2009.  *See* Mot. Seeking Leave for Continuance, Attach. (Claim for Damage, Injury or Death signed 5/27/09).  As the Supreme Court held in *McNeil*, jurisdiction under FTCA must be established at the time the complaint is filed; it cannot be acquired through the passage of time.  *McNeil*, 508 U.S. at 112-113.

Exhaustion of administrative remedies is a jurisdictional prerequisite.  *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987).  Plaintiff's failure to exhaust his administrative remedies under the FTCA before filing this action deprives the Court of subject matter jurisdiction.  Accordingly, the Court will grant defendants' motion in part and will dismiss plaintiff's FTCA claim for lack of subject matter jurisdiction.

### B.  *The Court Defers Consideration of Defendants' Remaining Arguments*

The Court set July 17, 2009 as the deadline for plaintiff's opposition or other response to defendants' motion to dismiss.  Plaintiff proposed to "address all other issues in [the] Government['s] [motion] . . . i.e.[,] immunity[,] jurisdiction[,] etc." after the administrative resolution of his FTCA claim.  Mot. Seeking Leave for Continuance at 2.

Plaintiff's proposal is not appropriate in light of the resolution of the FTCA claim, and the Court declines to treat the defendants' motion as conceded at this time.  Instead, the Court will grant plaintiff an extension of time, to August 28, 2009, to file his opposition or other

response to the remaining arguments set forth in defendants' motion to dismiss.  If plaintiff fails

to file a timely opposition, the Court may treat the balance of the motion as conceded.  LCvR

7(b).

An Order accompanies this Memorandum Opinion.


Signed:          EMMET G. SULLIVAN
                 United States District Judge

Dated:           July 30, 2009